Dated: 21 April 2016  11:27 AM

ENTERED PURSUANT TO ADMINISTRATIVE
ORDER NO. 11-02, KENNETH J. HIRZ,
CLERK OF BANKRUPTCY COURT
BY: /s/ Michael Gaughan
         Deputy Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In Re: | In Proceedings Under |
| DEAN MAYNARD BOLAND | Chapter 7 |
| *Debtor* | |
| **JANE DOE AND JANE ROE** | Case No. 16-10250 |
| *Plaintiff* | |
| -*vs*- | Adv No. 16-01058 |
| **DEAN MAYNARD BOLAND** | |
| *Defendant* | JUDGE JESSICA E. PRICE SMITH |

INITIAL ORDER

This order shall be served on each defendant together with a copy of the summons and complaint in this case pursuant to Bankr.R.7004.  The defendant is instructed to present this order to his or her attorney once counsel is retained.

This order shall be served on the plaintiff or plaintiff's attorney, either by hand or by mail, immediately upon filing of this action.  If the plaintiff does not have counsel when the complaint is filed he or she is instructed to present this order to counsel should he or she obtain an attorney subsequent to the filing of the complaint

## SERVICE OF PROCESS

Counsel are charged with the responsibility of monitoring service of process upon adverse parties, and verifying returns there on, in all cases assigned to this Court.

In each instance wherein service of process has been perfected and the adverse party has not responded to the complaint pursuant to the requirements of the Bankruptcy Rules, counsel for the plaintiff shall, within fifteen (15) days form the date of default, initiate appropriate action pursuant to Bank.R.7005.  Absent such action, complaint may be dismissed by the Court <u>sua</u> <u>sponte.</u>

## PLEADINGS

In accordance with Bankr.R.7012(a), the Court specifically fixes, by this order, the time within which all parties must file their pleadings.  All pleadings shall be filed according to the following schedules:

(a) A defendant shall serve his or her <u>answer within thirty (30) days</u> after the issuance of the summons except when a different time is prescribed by the Court.

(b) A party served with a pleading stating a <u>cross-claim</u> against him or her shall serve an answer thereto within twenty (20) days after the service upon him or her.

(©) The plaintiff shall serve his or her reply to a counterclaim in the answer within twenty (20) days after service of the answer or, if a reply is ordered by the Court, within twenty (20) days after service of the order, unless the order otherwise directs.

(d) The United States or an officer or agency thereof shall serve an answer to the complaint or to the cross claim or a reply to a counterclaim, within thirty-five (35) days after the service upon the United States Attorney of the pleading in which the claim is asserted.

<u>THE COURT SPECIFICALLY ORDERS ALL PARTIES TO COMPLY WITH THE ABOVE DELINEATED TIME LIMITS REGARDLESS OF WHETHER ANY MOTION(S) IS (ARE) PENDING IN THE CASE.</u>

If a party seeks an extension of time within which to file a responsive pleading, the party must so move the Court within the above delineated schedule. All such motions must comply with Local Bankr.R9013. No stipulations for an extension of time will be accepted; however, the Court will entertain joint motions by more than one party seeking an extension of time within which one of the parties must file a responsive pleading. Extensions of time to file a responsive pleading shall become effective only after the Court has affirmatively acted to grant such a motion.

A party must raise an objection, if any, to the Court retaining core jurisdiction over this adversary proceeding at its earliest opportunity to do so. Upon failure to assert said objection, the party will be deemed to have consented to this Court retaining core jurisdiction. 28 U.S.C. Section 157©)(2).

DISCOVERY

To insure the prompt readiness of this case for trial, the Court orders all parties to commence discovery <u>IMMEDIATELY UPON SERVICE OF THE COMPLAINT AND SUMMONS ON THE DEFENDANT, OR SERVICE MADE UNDER BANKR. RULE 7004(c).</u>
The taking of depositions must commence at the earliest possible date under Bankruptcy Rule 7030.
<u>THE PARTIES ARE ORDERED TO CONTINUE CONDUCTING DISCOVERY REGARDLESS OF ANY MOTIONS WHICH MAY BE FILED IN THIS CASE.</u>

Discovery schedules will be set at the pre-trial conference. Motions for extensions of time within which to complete discovery must be made prior to the discovery deadline announced by the Court and must be supported with briefs and affidavits establishing good cause for the Court to grant

3

an extension. The Court will not accept stipulations extending the discovery deadline announced in this order. The Court will, however, entertain joint motions by more than one party for an extension of the discovery deadline. Extensions of the discovery deadline become effective only after the Court affirmatively acts to grant a motion for an extension.

THE COURT WILL NOT ENTERTAIN ANY BANKR. RULE 7037 MOTIONS UNLESS THERE IS COMPLIANCE WITH LOCAL BANKRUPTCY RULE 7026-1, WHICH REQUIRES COUNSEL TO ATTEMPT SINCERELY TO RESOLVE DISCOVERY DIFFERENCES AND TO GIVE WRITTEN VERIFICATION OF SUCH ATTEMPTS TO THE COURT.

A motion schedule will be set at the pre-trial conference. All motions, and briefs opposing motions, shall be filed in strict compliance with the briefing and time requirements expressed in Local Bankr. R.9013, which pertinently provides:

> R.9013-1(a) "(a) Memorandum in Support, Certificate of Service, and Notice.
> A motion or application tendered for filing shall be accompanied by a memorandum in support and, except an ex parte motion or application, or a motion or application which will be noticed by the Clerk, shall be accompanied by (1) a certificate of service in accordance with LBR 9013-3 and (2) a notice to all persons entitled to notice that any objection must be filed within 14 days, or such other time as specified by applicable Federal rule of Bankruptcy Procedure or statute or as the Court may order, from the date of service as set forth on the certificate of service, if the relief sought is opposed, and that the Court is authorized to grant the relief requested without further notice unless a timely objection is filed.
>
> "(b) Response. Unless otherwise ordered by the Court, a response memorandum must be filed if the relief sought by a motion or application is opposed. The response shall specifically designate the motion or application to which it responds and, subject to Fed.R.Bankr. P. 9006(f), shall be filed within 14 days from the date of service as set forth on the certificate of service attached to the motion or application. The response shall state with particularity the reasons that the motion or application is opposed.
>
> "(c) Reply. Subject to Fed.R.Bankr.P. 9006(f), a reply memorandum may be filed within 7 days after the date of service on the certificate of service of the response memorandum. No additional memoranda will be considered except

upon leave of Court for good cause shown.

"(d) <u>Effect of No Response.</u>  Failure to file a response on a timely basis may be cause for the Court to grant the motion or application as filed without further notice to the extent such action would not conflict with any Federal Rule of Bankruptcy or Civil Procedure.

"(e)  <u>No Oral Arguments on Motions.</u>  Motions and applications shall be decided without oral argument on the memoranda unless otherwise provided in these rules or a hearing is scheduled by the Court.

R.9013-2    "(a) <u>Page limitation.</u> No motion or response thereto, including written argument and cited authorities, shall exceed 20 pages in length, exclusive of appendices, unless the party has first sought and obtained leave of Court. Where such leave is granted, a table of contents containing a summary of all points raised shall be included with the brief or memorandum.

"(b) <u>Supporting Evidence.</u>  If a motion, opposition brief, or reply brief requires the consideration of facts not appearing of record, a party shall serve and file copies of all documentary evidence and photographs that it intends to rely upon in addition to the affidavits required or permitted by the Federal Rules of Bankruptcy Procedure.  In those instances where a party deems it necessary, or the Federal Rules of Bankruptcy Procedure otherwise require that evidence, by way of deposition, be submitted with and/or incorporated into a, only those pages of the deposition which contain the pertinent testimony shall be attached to the motion.  The party shall not file the entire deposition in support of the motion, as long as certain pages or portions thereof will suffice to establish the party's position.

"(c) <u>Citations of Statutes and Regulations.</u>  All pleadings and brief containing references to statutes or regulations shall cite the United States Code or the Code of Federal Regulations, or have attached thereto a copy of the statute or regulation.

"(d) <u>Unreported Opinions.</u>  If an unreported opinion or an opinion available only through an electronic retrieval process is cited, a copy of the opinion shall be attached to the brief or memorandum, and such attachment shall be an exception to the 20 page limitation in (a) above.  Failure to submit such attachments may be grounds for striking the pleading.

<u>MOTION FOR AN EXTENSION OF TIME,</u> of any sort, shall be prominently titled as such in the heading of the first page of the motion, beneath the listing of the case number.

PRETRIAL HEARING

Final pre-trial and trial dates will be set at the initial pre-trial conference, and a pretrial order will be issued at that time.

<u>FAILURE OF COUNSEL TO COMPLY WITH THIS ORDER MAY RESULT IN SETTING THE CASE FOR SUMMARY DISPOSITION.</u>  See <u>Degen v. United States,</u> 517 U.S. 820 (1996);  <u>National Hockey League, et al., v. Metropolitan Hockey Club,</u> 427 U.S. 639, 641-43 (1976);  <u>Link v. Wabash Railway,</u> 370 U.S. 633-34 (1962);  <u>Taylor v.Medtronics, Inc.</u>  861 F.2d 980,986 (6th Cir. 1988).

IT IS SO ORDERED.

# # #

6

16-01058-jps    Doc 4    FILED 04/21/16    ENTERED 04/21/16 11:28:58    Page 6 of 6