IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Adversary Case No. 16-01058 |
| | ) | |
| Dean Maynard Boland | ) | |
| | ) | Chapter 7 Case No. 16-10250 |
| Debtor | ) | |
| | ) | |
| Jane Doe, et al. | ) | Bankruptcy Judge Jessica Price Smith |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Dean Maynard Boland | ) | |
| | ) | |
| Defendant | ) | |

### PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

To Defendant Dean Maynard Boland and his attorney:

PLEASE TAKE NOTICE, that you are requested and required to furnish Responses and Answers to the following Request for Admissions, Interrogatories and Requests for Production of Documents to the undersigned attorneys for plaintiff, within thirty (30) days from the date of service hereof pursuant to the Federal Rules of Bankruptcy Procedure.

This Request for Admissions, Interrogatories and Request for Production of Documents calls for information discoverable to the full extent contemplated by the scope of the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil

Procedure, including opinions or contentions that relate to the facts and the application of law to facts.

IN ANSWERING AND RESPONDING TO THIS REQUEST FOR ADMISSIONS, INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS, IF PRIVILEGE IS CLAIMED AS TO ANY INFORMATION OR DOCUMENTS, OR A REQUEST FOR ADMISSIONS, INTERROGATORY OR REQUEST FOR PRODUCTION OF DOCUMENTS IS OTHERWISE NOT ANSWERED IN FULL AFTER THE EXERCISE OF DUE DILIGENCE TO SECURE COMPLETE INFORMATION, STATE THE SPECIFIC GROUNDS FOR NOT ANSWERING IN FULL AND RESPOND TO ANSWER THE DISCOVERY REQUEST TO THE EXTENT TO WHICH NO PRIVILEGE IS CLAIMED OR INFORMATION IS AVAILABLE, AND FULLY IDENTIFY THE INFORMATION OR DOCUMENTS FOR WHICH THE PRIVILEGE IS ASSERTED AND SPECIFY THE PRIVILEGE.

If a Request for Admission, Interrogatory or Request for Production of Documents is directed to matters you have alleged or obtained on information and belief, set forth all such information in your Answer or Response, identify its source in accordance with the definitions given below, and otherwise, and state the reasons supporting your belief.

This Request for Admissions, Interrogatories and Request for Production of Documents is deemed to be continuing and should you, your attorneys or agents obtain any other information which could add to, modify or qualify the answers supplied herein, you are directed to give timely notice of such information and furnish same to the undersigned party and its attorneys without delay pursuant to Rule 26.05 of the Federal Rules of Bankruptcy Procedure.

# DEFINITIONS AND INSTRUCTIONS

1. A space for your answer following each Interrogatory is furnished and is not intended to limit your response or suggest in any way the length of answer that is required. If additional space to answer fully is needed, please attached a separate sheet to the page upon which the Interrogatory appears and indicate on such sheet the number of the Interrogatory to which the answer relates.

2. If you refuse to answer any Interrogatory in whole or in part, state clearly the basis for such refusal. If a privilege is claimed, identify any document or communication for which such privilege is claimed and set forth the nature of the privilege asserted.

3. You are under a continuing duty to supplement seasonally your responses with respect to any question directly addressed to the identity and location of any persons having knowledge of discoverable matters, and the identity and location of documents relating to the subject matter of the instant litigation. You are also under a duty to correct any response, either incorrect or incomplete, as soon as the fact that the response was incorrect or incomplete is learned by you.

4. If any Interrogatory is answered by reference to business records as provided in Rule 33(d) of the Federal Rules of Civil Procedure, specify such record by description adequate to allow the discovering party to identify such documents with reasonable ease and, if known, specify which of any category and document so described contains responsive information.

5. Unless otherwise qualified, the terms "You," and/or "Defendant" means Dean Boland, his attorney, or anyone under his direction and control.

6. "Document" means **any image or depiction as defined below**, correspondence, notes, memoranda, evaluations, reports, records of communication, minutes of meetings, transcripts, corporate records or resolutions, certificate of partnership, bulletins, letters, telegrams, telexes, teletypes, correspondence, contracts, drafts, agreements, notes to files, flow sheets, calendar or diary entries, studies, listings, offers, inquiries, circulars, manuals, statements, minutes of stockholders', directors' and committee meetings, agendas, charts, graphs, propositions, articles, announcements, books, cables, books of account, ledgers, financial statement including without limitation income statements, balance sheets, statements of cash flow and any other financial statements, vouchers, canceled checks, invoices, acknowledgments, bills, opinions, certificates, information contained in computers or other storage or processing equipment which may be translatable into written form, and all copies of documents herein before defined by whatever means made.

7. "Identify" or "Identification" when used in reference to an individual person or entity means to state the person's or entity's full name and last known address and the person's last known title and business affiliation.

8. "Identify" or "Identification" when used in reference to any documents means to state:

(a) The date of the document;

(b) The approximate time and date of preparation, if known, or reasonably ascertainable;

(c) The number of pages included in the document;

(d) The purpose of document;

(e) The identity of the person(s) who prepared the document;

(f) A description of the contents of the document;

(g) The identity of each person to whom the document was addressed;

(h) The identity of each person who received a copy of the document;

(i) The identity of each person referred to in the document;

(j) The present location of the original document, or, if such original document cannot be located, the present location of any copies or carbon copies of the original document.

9. "Identify" or "Identification" when used in connection with oral statements and communications means to:

(a) To describe the statements and communications by stating the date and place where they were made and identify each of the makers and recipients thereof in addition to all other persons present;

(b) To identify each writing in which such communication was recorded, described or referred; and

(c) To indicate the medium of communication.

**NOTE**:  When identifying the date of an oral statement or communication, the precise date must be given.  If only an approximate date is given, we presume that you do not recall or have specific knowledge as to the exact date.

10. All documents requested herein shall be produced if they are in your custody, possession or control, or are available or accessible to you through your subsidiaries, affiliates, agents, or others.  If you known that documents requested are in the custody, possession or control of another person or entity, you should identify such documents and the name and address of their custodian.  If the documents requested herein were once but are no longer in your control, identify such documents and the name and address of the custodian.

*This request is deemed to be continuing so as to require supplemental responses thereto should you or your attorneys acquire additional information or documentation with which to supplement your responses between the time the requested documents are produced and the time of the trial of this matter.*

11. If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of attorney-client privilege, work-product doctrine or other ground, then do the following with respect to each and every document:

   (a)  Describe the nature of the document with sufficient specificity such that it may be readily identifiable;

   (b)  State the date of the document;

   (c)  Identify the person persons who sent and received the document;

   (d)  State the subject matter of the document; and

   (e)  State the basis upon which you contend you are entitled to withhold the document from production.

12. Image or depiction as used in these discovery requests means any and all likenesses, photographs, images, depictions, reproductions, and/or use of any kind of the likeness of either of the two minor plaintiffs whether in whole or in part, separately or in combination with any other person real, virtual, identifiable or unidentifiable; and/or any and all documents, images, likenesses, photographs, depictions, reproductions, or electronic data which were created in any way through the use images downloaded by the defendant directly from

5

Istockphoto.com on or about February 13, 2004 at 3:12 PM (ID No. 163510), and February 13, 2004 at 3:18 PM titled "junk food."

Image or depiction includes undeveloped film, videotape, and data stored on computer disk or by any electronic means.

This definition is intended to be all inclusive, not exclusive, and provide for the identification and recovery of any and all images or depictions which involve the minor plaintiffs in any way. Any attempt to limit the discovery process by a narrow or exclusive interpretation of this definition will be treated as a willful discovery violation and a violation of the parameters discussed with the Court at the first pre-trial regarding the recovery of these images.

13. Minor Plaintiff Jane Doe is the real individual depicted in the highlighted portion and whose image (ID No. 163510) was downloaded by the defendant on February 13, 2004 at 3:12PM.

14. Minor Plaintiff Jane Roe is the real individual whose image is titled "junk food" and which was downloaded by the defendant on February 13, 2004 at 3:18PM.

## Requests for Admissions

Admit that each of the following are true:

1. At all times relevant to the Complaint, Plaintiff Jane Doe, not identified by her real name, was a minor. Her legal guardian and next friend is Peter Lora. Both live in Cuyahoga County, Ohio.

2. At all times relevant to the Complaint, Plaintiff Jane Roe, not identified by her real name, was a minor. Her legal guardian and next friend is Victoria Bloom. Both live in Cuyahoga County, Ohio.

3. At all times relevant to the Complaint, Defendant Dean Maynard Boland was an attorney licensed to practice law in the State of Ohio. His residence and principal place of business was and is in Cuyahoga County, Ohio.

.       4. At all times relevant to the Complaint, Boland was married and has one dependent daughter


       5. Prior to the acts and conduct complained of in the Complaint, Boland served as an attorney or as an expert witness in child pornography criminal cases.


       6. In February, 2004, Boland downloaded images of two identifiable minor children, given the unidentifiable names Jane Doe and Jane Rowe, the Plaintiffs here, from a stock photography website.


       7. Boland digitally manipulated ("morphed") the photographs to make it look like the children were engaging in sex acts.


       8. In one picture, five-year old Jane Doe was eating a doughnut. Boland replaced the doughnut with a penis.


       9. In another, he place six-year old Jane Roe's face onto the body of a nude women performing sexual acts with two men.


       10. Boland used the "before" and "after" pictures as part of his expert testimony in at least four Ohio state-court criminal child pornography criminal cases and in a federal criminal child pornography case in Oklahoma. The pictures were shared with defense counsel, court staff, and the images were displayed in a courtroom.


       11. Toward the end of the Oklahoma case, the federal prosecutor raised the possibility that Boland may have violated federal criminal statutes by creating and possessing the morphed images.

7

12. The district judge in the Oklahoma case admonished Boland to purge the images from his hard drive, but Boland did not, instead using the doctored images of Doe and Roe in the Ohio based cases while acting as an expert witness or counsel.

13. In May, 2004, the FBI's Cleveland office started an investigation of Boland. They searched his home and seized several electronic files.

14. During this time period Boland brought an action in the United States District Court for the Northern District of Ohio seeking a declaratory judgment against federal prosecutors from prosecuting him for the creation and use of child sex abuse images in the courtroom. The District Court dismissed this action, and the Sixth Circuit Court of Appeals affirmed the dismissal.

15. In April, 2007, Boland entered into a pre-trial diversion agreement with the United States Attorney's Office for the Northern District of Ohio, in which he admitted violating federal criminal child pornography laws.

16. In return for the government's agreement to defer prosecution for 18 months, Boland agreed to various conditions. One of them required Boland to make a public apology in the Cleveland Bar Journal, where he said "I do recognize that such [morphed] images violate federal law".

17. In September, 2007, the Doe and Roe and their guardians filed a civil action ("Civil Case") in the United States District Court for the Northern District of Ohio under 18 U.S.C. §§2252(A)(f) and 2255, which respectively provide civil remedies to "any person aggrieved" and to minor victims who suffered "personal injury" from a violation of the federal criminal child pornography statute, 18 U.S.C. §2252(A(a).

18. Boland admitted his conduct in the discovery conducted in the Civil Case. For example, in his response to Request for Admission No. 2 in the Civil Case,

Boland admitted that he "created a visual depiction using a likeness … of Plaintiff Jane Doe that [he] downloaded from Istockphoto.com on February 13, 2004, at 3:13 p.m. showing her to be engaged in fallatio …."

19. Boland also admitted in his response to Request for Admission No. 3 in the Civil Case that he " … created a visual depiction using a likeness … of Plaintiff Jane Roe that [he] downloaded from Istockphoto.com on February 13, 2004, at 3:12 p.m. showing her engaged in fellatio …."

20. In his Response to Request for Admission 4 in the Civil Case Boland admitted that he " … created a visual depiction using a likeness of Plaintiff Jane Roe that he downloaded from Istockphoto.com on February 13, 2004, at 3:12 p.m. showing her to be naked and between two males who were ejaculating on her torso …."

21. The District Court granted Boland's motion for summary judgment in the Civil Case.

22. Jane Doe and Jane Roe appealed the granting of summary judgment in favor of Boland in the Civil Case, and the Sixth Circuit reversed the trial court, holding the law contains no exemptions or other exemptions that covered Boland's conduct. The Sixth Circuit specifically found that Boland "knowingly" comitted a crime.

23. On remand, the District Court ruled for Plaintiffs Doe, Roe and their guardians, awarding $150,000.00 to Doe and $150,000.00 to Row under 18 U.S.C. §2252(A)(f). This statute provides a civil remedy of at least $150,000.00 in damages to minor victims of various sex crimes, including child sex image abuse.

24. Do you admit that no one, other than yourself, was aware that you had utilized the likenesses of real children in the creation of images depicting fellatio and ejaculation?

25. Do you admit that all factual statements contained in your diversion agreement, and any document attached thereto, are true and deemed admitted for the purposes of this case?

26. Do you admit that you created a visual depiction using a likeness of Plaintiff Jane Doe that you downloaded from Istockphoto.com on February 13, 2004 at 3:12 PM showing her to be engaging in fellatio or other sexual acts?

27. Do you admit that you created a visual depiction using the likeness of Plaintiff Jane Roe that you downloaded from Istockphoto.com on February 13, 2004 at 3:12PM showing her to be engaging in fellatio or other sexual acts?

28. Do you admit that you created a visual depiction using the likeness of Plaintiff Jane Roe that you downloaded from Istockphoto.com on February 13, 2004 at 3:12PM showing her to be naked and between two males who are ejaculating on her torso?

29. Do you admit that you gave CD(s) containing exhibits which were made by you utilizing the image(s) or depiction(s) of Jane Doe and /or Jane Roe engaged in sexual acts to third persons, including but not limited to, attorneys and/or court personnel

30. Do you admit that you knew the "morphing" of images of real children into sexually explicit scenes was not constitutionally protected conduct at the time you created the images which lead to your pre-trial diversion agreement?

# Interrogatories

1. Please state the name and address of each court, the case caption, and the case number, of any and all cases in which you served as an expert witness and/or as counsel or co-counsel concerning computers and/or allegations of pornography.

2. Please state the name and address of each court, case caption, case number, and of any and all cases in which you served as an expert witness and/or as counsel or co-counsel and in any manner utilized images or depictions of plaintiff Jane Doe and/or Jane Roe.

3. Identify as defined above, any and all lawyers who hired you as an expert witness and/or co-counsel in a matters involving computers and/or allegations of pornography in the cases described in your answer to Interrogatory No. 2.

4. Please state the name and address and otherwise identify any person that you intend to call as a witness in this case.

5. For each person named in your answer to Interrogatory No. 4, or that may be called to testify in any proceeding pertaining to this case. please state whether each such person will testify as an expert witness, and the subject matter of their testimony.

6. Please identify, as defined above, each and every person to whom you gave anything, including but not limited to CDs, containing an image or depiction, as

defined above, of Jane Doe and/or Jane Roe to, the date upon which it was given, and a brief description of the image given.

7. Please state the name and address of each person that looked at the "morphed" images of Plaintiffs Jane Doe and Jane Roe, and the date and location that the person viewed such images.

8. Please state the reason or reasons that did you elect to use the images of Jane Doe and Jane Roe as opposed to images of other children, including your own child, virtually created children or adults, in creating "before" and "after" images of people engaging in sexual acts as complained of in the Complaint filed in this case.

9. Please state the sex and date of birth of any children you have.

10. Identify by date and location, any and all instances in which you or someone else actually displayed or permitted anyone to view an image or depiction of Jane Doe and/or Jane Roe.

11. Identify, as defined above, each and every person who viewed the depictions or images you displayed in the occurrences identified in the preceding interrogatory. If you are unable to identify them, as defined above, then please state the number of persons who viewed each display.

12

16-01058-jps    Doc 8    FILED 06/13/16    ENTERED 06/13/16 17:47:58    Page 12 of 15

12.  Is virtual pornography indistinguishable from pornography made with images of real people?  If your answer is that virtual pornography is indistinguishable from pornography made with the images of real people, please state why you made use of the images of Plaintiffs Doe and Roe instead of creating virtual images.

13.  Please identify, as defined above, any and all persons, including but not limited to, judges, defense lawyers, prosecutors, and/or court personnel that were aware, or that you believed to be aware, that you utilized the images or depictions of real children to create images depicting fellatio and ejaculation in your work in criminal cases or in any lectures, seminars, and/or events in which you participated.

14.  Identify each and every individual known to you, who has knowledge or information pertaining to the allegations set forth in the Complaint and/or Answer filed in this case, and for each person so identified, state the specific subject of the relevant information and state whether the information is based upon personal knowledge.

15. Identify the name and address of each and every individual known to you, who has knowledge or information pertaining to the allegations set forth in the Complaint and/or Answer filed in this case, and for each person so identified, state the specific subject of the relevant information and state whether the information is based upon personal knowledge.

# Request for Production of Documents

Request No. 1

Produce a copy of your Diversion Agreement entered into with the United States of America and or the United States Attorney regarding criminal or possible criminal conduct regarding pornography and/or child pornography.

Request No. 2

Produce a copy of any writings you published, or attempted to publish in the Cleveland Bar Journal pursuant to Special Condition no. 3 of your Diversion Agreement.

Request No. 3

Produce a copy of any writings certifying that you have destroyed or surrendered to the government and any all images of Jane Doe or Jane Roe as required by Special Condition No 4 of your Diversion Agreement

Request No. 4

Produce a copy of any and all of the documentation regarding any and all cases, charged in a court of any jurisdiction, that you provided to Pre-Trial services pursuant to Special Condition No. 6 of your Diversion Agreement

/s/ Sheldon Stein
Sheldon Stein (0007292)
Attorney for the Plaintiffs
S. Stein Company LLC
50 Public Square, Ste. 400
P.O. Box 5606
Cleveland, OH 44101
(216) 696-7449
(216) 696-5329 (fax)
ssteindocs@gmail.com


/s/ Jonathan Rosenbaum
Jonathan Rosenbaum (0021698)
Attorney for the Plaintiff
230 Third Street, Ste. 101
Elyria, OH 44035
(440) 322-7972
jerosenbaum@windstream.net

Certificate of Service

I certify that on June 13, 2016, a true and exact copy of this document was served:

Via the Courts Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Stephen Hobt       shobt@aol.com

And by regular U.S. mail, postage prepaid, on:

None

>                       /s/ Sheldon Stein
>                       Sheldon Stein
>                       Attorney for the Plaintiffs