IT IS SO ORDERED.

Dated:  5 July, 2017 02:36 PM



JESSICA E. PRICE SMITH
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE:

DEAN MAYNARD BOLAND,

        DEBTOR

JANE DOE
  and
JANE ROE,

        PLAINTIFFS.

    v.

DEAN MAYNARD BOLAND
        DEFENDANT.

IN PROCEEDINGS UNDER CHAPTER 7

CASE NO. 16-10250

ADV. NO. 16-1058

JUDGE JESSICA E. PRICE SMITH

**AMENDED MEMORANDUM OF OPINION AND ORDER**

The matter before the Court is the Complaint to Determine the Dischargeability of a Debt, brought by the Plaintiffs/Creditors, Jane Doe and Jane Roe. Plaintiffs obtained a civil

1

judgment against the Debtor, Dean Maynard Boland, for $300,000.00 ($150,000.00 each) in the United States District Court for the Northern District of Ohio for violations of 18 U.S.C. § 2252A(f). *Lora v. Boland*, 825 F.Supp.2d 905 (N.D.Ohio 2011). That decision was upheld by the Sixth Circuit. *Jane Doe, et al. v. Dean Boland,* 698 F.3d 877 (6th Cir. 2012).

Mr. Boland filed for chapter 7 bankruptcy protection on January 20, 2016, Case No. 16-10250 in the Northern District of Ohio. Plaintiffs seek to have the judgment debt excepted from discharge under 11 U.S.C. § 523(a)(6) as a debt incurred due to "willful and malicious injury by the debtor . . ." The trial in this matter was held on May 10, 2017. After considering the testimony of witnesses and exhibits presented, this Court finds the Plaintiffs failed to meet their burden to prove that the debt owed to them arose as the result of a willful and malicious injury by the Debtor.

This Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and General Order No. 2012-7 entered in this district by the United States District Court for the Northern District of Ohio.

## **DISCUSSION**

**Motion in Limine**

Prior to trial, Plaintiffs filed a Motion in Limine seeking an order:

> preventing the defendant (hereinafter "Boland") from denying or offering evidence to support the denial of the facts that he 1) knowing (sic) morphed the innocent images of two real and identifiable children into child pornography as defined by 18 U.S.C. § 2256(8) (C); and 2) was substantially certain that he would cause injury to the plaintiffs when he morphed their images into child pornography.

Doc. No. 14, pg. 1

After reviewing the pleadings, this Court granted the first request of the Motion, but denied the second. The District Court, in the underlying civil case, found that Mr. Boland

2

knowingly "morphed" images of real identifiable children into child pornography, and that the Plaintiffs had suffered injury. *Boland*, 825 F.Supp.2d 905. These findings were necessary in order to impose liability under 18 U.S.C. § 2252A(f). Accordingly, this Court found the issue of whether or not Mr. Boland "morphed" the images of real and identifiable children into child pornography as res judicata for purposes of this adversary proceeding.

The second request of the Motion in Limine sought to prevent Mr. Boland from denying that he "was substantially certain that he would cause injury to the plaintiffs when he morphed their images into child pornography . . ." There is nothing in either the Diversion Agreement or the District Court opinion regarding the intent to injure. Since the issue of intent to injure was not fully and fairly litigated in the prior proceeding and the issue of intent was not necessary to the judgment, the second request of the Plaintiffs' Motion in Limine was denied.

Accordingly, the only issue in this trial is intent to injure. Specifically, whether the debt due to the Plaintiffs is for willful and malicious injury by the Debtor.

**11 U.S.C. § 523(a)(6)**

Section 523(a)(6) of the Bankruptcy Code contains an exception to the presumption of dischargeability. In pertinent part:

> (a) A discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> ...
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity

In the Sixth Circuit, the standard for what constitutes a "willful and malicious" injury is articulated in *In re Markowitz*, 190 F.3d 455 (6th Cir. 1999). The court in *Markowitz*, when interpreting the Supreme Court's decision in *Geiger*, stated "only acts done with the intent to cause injury—and not merely acts done intentionally—can cause willful and malicious injury."

3

*Id*. at 463-64. (citing *Kawaauhau v. Geiger*, 523 U.S. 57 (1998)). The *Markowitz* court held "that unless the actor desires to cause consequences of his act, or . . . believes that the consequences are substantially certain to result from it . . . he has not committed a 'willful and malicious injury' as defined under § 523(a)(6)." *Id*. (internal citation removed).

In the instant case, the Plaintiffs' case in chief focused almost entirely on proving that Mr. Boland injured the Plaintiffs. The Plaintiffs' witnesses provided testimony as to Mr. Boland's expertise in his field, the creation and possession of the images, and whether harm occurred. In his closing argument, Plaintiffs' counsel asserted that since harm always occurs when child pornography is created, an expert such as Mr. Boland must have known that the injury was virtually certain to occur. This assertion does not meet the standard of proof. "The fact that the Debtor should have known the consequences of his actions is not sufficient to satisfy the requirements of willfulness." *In re Bodrick*, 534 B.R. 738, 745 (Bankr.S.D.Ohio 2015) (Citing *Markowitz*, 190 F.3d at 465 n. 10).

It is undisputed that Mr. Boland created and possessed the images for purposes of consultation and expert witness testimony in both State and Federal courts. (Pl. Dir. Special Agent Charles Sullivan, F.B.I. 9:43:10). A thorough FBI search of Mr. Boland's computer equipment and digital files only turned up images that were connected with cases he was either reviewing or consulting on. (Cr. S.A. Charles Sullivan, F.B.I. 10:02:00). No evidence was adduced that these (or any other) images were used for any purpose other than in his capacity as an expert witness and consultant, nor were images proven to be distributed other than in the course of those duties. (Cr. S.A. Charles Sullivan, F.B.I. 10:02:00).

The Plaintiffs argued that Mr. Boland's use of these altered images in court hearings after he was "put on notice" by the prosecution in *United States v. Shreck* that he might be committing

4

a crime constituted evidence of willful and malicious intent. (Pl. Dir. S.A. Charles Sullivan, F.B.I. 9:56:00); *United States v. Shreck*, 2006 WL 7067888, No. 03-CR-0043-CVE (N.D.Okla. May 23, 2006). However, testimony by Special Agent Sullivan indicated that, to his knowledge, Boland prepared images for use prior to hearings. (Cr. S.A. Charles Sullivan, F.B.I. 10:08:00). Further, Mr. Boland testified that those images in question had been created and placed in sealed court records of those cases prior to the use of the images in the *Shreck* case (and thus out of his control). (Boland Dir., Cr. 10:54:45; 12:40:40). This testimony was unrefuted.

Mr. Boland testified that he created the images for use in courtroom demonstrations, did not know the minors in question or if they were even real persons, and did not intend to harm anyone. (Boland Cr. 12:42:20). The Sixth Circuit also spoke to Mr. Boland's intentions: "[w]hen he created morphed images, he intended to help criminal defendants, not harm innocent children." *Boland*, 698 F.3d at 885. Further, Mr. Boland's stated reason for using the images found on line was:

> "repeated instances where prosecutors would, fairly effectively, walk up to the witness stand, and show me an example of a child pornographic image that was involved in the case, and sort of triumphantly say 'Ah ha, but you can't do this with your fancy software, etc.?' That happened a couple of times and was effective . . . In subsequent cases, over the objection of prosecutors, in some cases in Ohio, and sometimes with the authority of a judge a defense attorney would say: 'Well now show us what the prosecutor just claimed couldn't be done, how you combine two images and make them appear to be something that they aren't . . . It was exclusively to demonstrate something most courts were saying that they appreciated because they didn't appreciate the state of digital imaging technology . . . when prosecutors were saying that 'Well we don't know if this stuff is real but you can tell by looking,' my presentation was sufficient to persuade courts that that isn't a true statement . . ."

Boland Cr. 12:43:00

There was no evidence offered by Plaintiffs contradicting Mr. Boland's stated reason for why he downloaded innocent images of what appeared to be minors and altered them to be used

in courtroom demonstrations. There was also no evidence offered by the Plaintiffs demonstrating that Mr. Boland actually intended harm to the Plaintiffs, or knew it was virtually certain to occur.

## **CONCLUSION**

Therefore, after reviewing and weighing the credibility of the testimony and exhibits presented before it, and based on the standard for proving willful and malicious injury, this Court finds that the Plaintiffs have not met their burden of demonstrating that the debts owed to them are the result of a willful and malicious injury by the Debtor. The civil judgments obtained by the Plaintiffs are not excepted from discharge under 11 U.S.C. § 523(a)(6).

**IT IS SO ORDERED.**